**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **ANDREW RYAN** | **CIV. ACTION NO. 3:25-1048** |
| **VERSUS** | **JUDGE JERRY EDWARDS, JR.** |
| **BRIGGS & STRATTON CORP., ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

# MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, are four motions: (1) a Motion to Quash Subpoena ("Motion to Quash") [doc. #35] filed by Defendant Briggs & Stratton, LLC ("Briggs & Stratton"); (2) a Motion for Leave to Amend Witness List ("Motion to Amend Witness List") [doc. #39] filed by Plaintiff Andrew Ryan ("Ryan"); (3) a Motion for Leave to Designate a Rebuttal Witness and/or Clarify the Scheduling Order ("Motion to Designate") [doc. #40] filed by Ryan; and (4) an oral opposed Motion to Continue Trial [doc. #47] by Ryan. The motions are opposed, and a telephonic conference was conducted on October 22, 2026, during which the undersigned heard oral argument from counsel. Intervenor Stonetrust Commercial Insurance Co. was also present at the October 22, 2026 conference.

For reasons detailed below, the Motion to Quash is DENIED. The Motion to Amend Witness List is GRANTED. The Motion to Designate is GRANTED IN PART and DENIED IN PART. The oral Motion to Continue is GRANTED.[1]

## Background

[1] As this motion is not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal/objection must be made to the district judge in accordance with Rule 72(a).

On January 15, 2025, Ryan was severely injured by a Briggs & Stratton generator after his right arm was pulled into the generator fan, ultimately resulting in the amputation of the arm. [doc. #1]. On July 21, 2025, Ryan brought suit against Briggs & Stratton in this Court, asserting a products liability claim. *Id.*

On January 6, 2026, the undersigned held a scheduling conference with counsel, *see* [doc. #20], and then issued the applicable Scheduling Order [doc. #21]. Under the Scheduling Order, witness lists identifying potential witnesses in this case were due to be exchanged by September 1, 2026; the discovery deadline was set for October 1, 2026; the plaintiff's expert reports were due September 1, 2026; the defendant's expert reports were due October 1, 2026; and dispositive motions are due to be filed no later than November 2, 2026. [doc. #21].

During discovery, on or about August 18, 2026, Briggs & Stratton provided a report from Tony Keomanivong ("Keomanivong"), an engineer for Underwriters Laboratory ("UL"), a non-party entity which performs product testing and safety certification services for customers, including Briggs & Stratton. When received, Ryan's counsel was preparing for the Briggs & Stratton corporate deposition, which was held on August 20, 2026. On that date, Ryan, through counsel, took the discovery deposition of Briggs & Stratton's corporate representative, Greg Marchand ("Marchand"), in Wisconsin.

On September 21, 2026, the undersigned granted the joint motion of the parties to amend the Scheduling Order "to allow the depositions of Daniel Bannister, Roy Thompson, Janice Wheelis and Michael Wheelis and any related discovery . . . up to and including November 2, 2026[.]" [doc. #31].

On October 8, 2026, Ryan received the transcript of the Marchand deposition. That same day, his counsel notified Briggs & Stratton that he intended to take the deposition of Keomanivong. Although Ryan contends that his witness list includes the catchall category of

witness "who have been deposed or will be deposed in this matter," Ryan also notified Briggs & Stratton that he intends to move for leave to amend his witness list to include Keomanivong.

On October 12, 2026, Ryan formally issued a subpoena to Keomanivong for his deposition. Ryan seeks to depose Keomanivong on eight identified topics:

1. Your knowledge regarding the Underwriters Laboratories, LLC ("UL") tests and/or studies performed on Briggs & Stratton 30kw standby generators from January 1, 2013 to present;

2. Your knowledge regarding any certifications and/or waivers of Briggs & Stratton standby generators radiator fan guard(s) from January 1, 2013 to present;

3. Photographs and videos of testing done with UL present at the Briggs & Stratton Burleigh lab;

4. Any and all procedures and protocols, written or oral, regarding tests and/or studies performed at Briggs & Stratton's Burleigh lab on the 30 kw standby generator for its certification regarding radiator fan blade guard(s) from January 1, 2013 to present;

5. Any and all engineering calculations done regarding testing and/or certification of Briggs & Stratton standby generators radiator fan guard(s) from January 1, 2013 to present;

6. Any and all information regarding changes to UL's certification, testing, and waiver policies as related to its radiator fan blade guard(s) from January 1, 2013 to present;

7. All communications written or otherwise regarding [sic] between UL and Briggs & Stratton, LLC regarding testing, certifications, and/or waivers regarding the radiator fan blade guard(s)/barriers on Briggs' standby generators; and

8. Any and all tests conducted by or tests waived by UL regarding radiator fan blade guarding on any standby generator from January 1, 2013 to present.

[doc. #35-1, p. 3; 35-3].

On October 13, 2026, Briggs & Stratton filed the instant Motion to Quash [doc. #35] the subpoena issued to Keomanivong, as well as a motion to expedite consideration [doc. #36], which was granted. [doc. #37].

On October 20, 2026, Ryan opposed the Motion Quash. [doc. #38]. Ryan maintains that Keomanivong's deposition is vital because he has knowledge of the UL certification, evaluation, and the testing of the blade's purported guards.

On the same day, Ryan filed the instant Motion to Amend Witness List to add Keomanivong [doc. #39] and the instant Motion for Leave to Designate [doc. #40]. Finally, Ryan filed the Motion to Take (second) Deposition of Andrew Renner. [doc. #41].

On October 21, 2026, Briggs & Stratton filed memoranda in opposition to the Motion for Leave to Designate [doc. #43], in opposition to the Motion to Take Deposition of Renner [doc. #44], and in opposition to the Motion to Amend Witness List [doc. #45].

On October 21, 2026, Ryan filed a Motion to Seal [doc. #46], pursuant to the parties' protective order governing discovery.

On October 22, 2026, the undersigned held a telephonic status conference and heard oral argument on the pending motions. During the conference, when discussion of the motion to seal commenced, Ryan's counsel clarified that he does not believe the documents should be placed under seal, so he was ordered to brief his position by November 5, 2026. Briggs & Stratton take the position that the information was proprietary, and that brief is due no later than November 19, 2026.

The undersigned, after argument, denied Ryan's motion to take the second deposition of Renner.

After hearing oral argument, the undersigned took the remaining motions under advisement, but assured counsel that a ruling would issue no later than Monday, October 26,

2026. In order to address any prejudice to Briggs & Stratton and to allow additional time for discovery for all parties, Ryan's counsel orally moved to continue trial, but Briggs & Stratton opposed that motion. The undersigned also took that motion under advisement.

Accordingly, the remaining motions are ripe.

**Analysis**

**A. Federal Rule of Civil Procedure 16(b)**

Under Rule 16(b), a modification to the scheduling order requires the Court's consent and a showing of "good cause." FED. R. CIV. P. 16(b)(4). In determining whether a movant has demonstrated "good cause," a court must consider four factors: "'(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice.'" *Springboards To Educ., Inc. v. Houston Indep. Sch. Dist.,* 912 F.3d 805, 819 (5th Cir. 2019), as revised (Jan. 29, 2019), as revised (Feb. 14, 2019) (modifications in original) (quoting *Squyres v. Heico Cos.,* 782 F.3d 224, 237 (5th Cir. 2015)); *see also* S*outhwestern Bell Tel. Co. v. City of El Paso,* 346 F.3d 541 (5th Cir. 2003) (in the context of amendment of pleadings outside the deadline, the court considers "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.").

**B. Motions to Quash and for Protective Order**

A party may, by oral questions, depose any person, including another party, but must provide reasonable written notice to every other party. FED. R. CIV. P. 30(a) &(b)(1). Under Federal Rule of Civil Procedure 45, "[a] party or attorney responsible for issuing and serving a

subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."

> Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45. *See Frazier v. RadioShack Corp*., No. 10–855, 2012 WL 832285, at *1 (M.D. La. Mar. 12, 2012) ("[A] plaintiff cannot challenge a Rule 45 subpoena directed to a third party on the basis that it violates another person's privacy rights ..., that the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds."). Nevertheless, a party has standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena. *Singletary v. Sterling Transp. Co*., 289 F.R.D. 237, 240 n. 2 (E.D.Va.2012); *Auto–Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D.Fla.2005); *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C.2005).

*Wilkerson v. Stalder*, No. CIV.A. 00-304-JJB, 2015 WL 2236417, at *3 (M.D. La. May 12, 2015); *see also* Moreover, unlike a motion for protective order, a motion to quash a Rule 45 subpoena must be filed in "the court for the district where compliance is required." FED. R. CIV. P. 45(d)(3)(A).

Nonetheless, the two standards require a similar analysis. A court must quash or modify a subpoena that subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3). When a motion to quash is filed, the movant must demonstrate that "compliance with the subpoena would be unreasonable and oppressive." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (citations and internal quotations omitted). Courts are required to balance the need for discovery and the relevance to the case against the harm, prejudice, or burden to the other party. When the person subpoenaed is a non-party, a court should also consider the expense and inconvenience to the non-party. *Wiwa,* 392 F.3d at 818. "Generally, modification of a subpoena is preferable to quashing it outright." *Id.* at 819.

Similarly, under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). Courts must limit discovery if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(2)(c). In determining whether the burden of the discovery outweighs the benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.*

**C. Pending Motions**

**1. Motion to Quash, Motion to Amend Witness List, and Motion to Continue**

In the instant case, Briggs & Stratton move to quash the deposition notice issued to a non-party, Keomanivong, to appear in Chicago, Illinois, to be deposed. There is no dispute that this deposition was noticed for an appearance outside this jurisdiction and on a date past the discovery deadline. To the extent that Briggs & Stratton has moved to quash the deposition under Rule 45, the motion must be denied because, even if it had standing to act on behalf of the witness, the motion would have to be filed in the district encompassing Chicago, Illinois. Nonetheless, as noted above, the Court can consider a motion for protective order under Rule 26(c). Thus, as to not unduly delay proceedings (or favor form over substance), the undersigned converts Briggs & Stratton's Motion to Quash to a motion for protective order and considers it under that standard.

After resolving that procedural hurdle, the undersigned must address whether Ryan has stated good cause to modify the Scheduling Order, so as to permit discovery outside the expired deadline, considering the four identified factors. As those factors overlap with the considerations under Rule 26(c), they will be considered simultaneously.

As to the first factor, Briggs & Stratton strenuously argue that there is no excuse for Ryan's failure to act within the discovery deadline. Ryan's counsel explains that he received Keomanivong's report only two days before the corporate depositions commenced on August 20, 2026, in Wisconsin. However, he does not dispute that he was aware of Keomanivong and his report prior to the close of discovery on October 1, 2026. When pressed during the conference, counsel explained that in the time period between the depositions and the filing of the motion, all counsel in his small firm were preparing for and then trying a one-week "burn" case. Thus, Ryan provides some explanation for the delay, but does not fully account for his failure to timely file a motion to extend the discovery deadline.

However, as to the second factor, he contends that the modification of the discovery deadline is important because Keomanivong's testimony is vital. Keomanivong conducted tests on site at the Briggs & Stratton facility because if the size of the equipment, and he has knowledge of the UL certification, evaluation, and testing of the blade's purported guards. While Ryan was able to question Marchand, Briggs & Stratton's corporate representative, he contends that Keomanivong's testimony is important, particularly to address waivers of testing requirements. He contends that the topics listed in the deposition notice are "reasonably tailored to Mr. Keomanivong's apparent knowledge and involvement." [doc. #38, p. 6]. The undersigned, having heard from both counsel, on this issue, finds that Keomanivong's factual testimony is important to the testing process, particularly where, as here (as is often the case),

there are dueling expert explanations for Ryan's injury. Ryan's ability to depose Marchand, the corporate representative, does not fully compensate for a discovery deposition of the fact witness who performed testing at the facility.

On the other hand, Ryan does not seriously dispute that there is very little time left to conduct expert discovery and that, under the current Scheduling Order, the additional deposition of Keomanivong could impact the expert depositions. As counsel for Briggs & Stratton points out, there are fast-approaching deadlines for expert discovery, as well as for dispositive motions and for motions in limine. Also appropriate for the Court's consideration under Rule 26(c) is the necessity of seeking a last-minute deposition on Keomanivong, a non-party, at a time and place which may or may not be available or convenient for him, and when he would be required to prepare very quickly for this deposition, even if he were available. Thus, there is prejudice to the Defendant and some burdens on Keomanivong.

In consideration of the final factor, the availability of a continuance, Briggs & Stratton argued that it had met its deadlines, that a continuance would be unfair, and that it wishes to maintain the current trial date. First, the Court acknowledges and appreciates that Briggs & Stratton has complied with the Scheduling Order and understands its valid frustration that Ryan has not in this one instance. However, Ryan does not have a history in this case or others with this Court of failing to comply. This is also the first scheduling order issued in this case, and there have been no prior continuances. Additionally, after consultation with Judge Edwards' chambers, the undersigned confirmed that this case is fourth on the docket, and, thus, unlikely to go forward on the current trial date. Finally, a continuance addresses all other concerns raised—the expert deposition schedule, the potential need for experts to modify or supplement their reports, and the need for Keomanivong to prepare for his deposition.

Applying these same considerations, the undersigned also finds that Ryan's Motion to Amend Witness List should also be granted for the limited purpose of adding Keomanivong's name as a potential witness. While Ryan could have sought amendment earlier, Briggs & Stratton are not surprised by the addition of this name to the witness list or unaware of his potentially relevant testimony. Any prejudice is addressed by a continuance.

Thus, for all of these reasons, the Motion to Quash, construed as a motion for protective order, is DENIED. The Motion to Amend Witness List and oral Motion to Continue trial are GRANTED. Ryan is permitted to amend his previously provided witness list to include Keomanivong as a potential witness. Additionally, fact discovery is reopened for the limited purpose of allowing the deposition of Keomanivong up to and including **January 25, 2027,** approximately (90) days from the date of this Order in light of the upcoming holiday. Fact discovery is otherwise closed. The deadline for expert depositions and the filing of dispositive motions is also extended up to and including **February 25, 2027**. The deadline for filing Daubert motions is extended up to and including **March 18, 2027.**

To permit these extensions of the existing deadlines, the oral Motion to Continue is also GRANTED. Trial, the pre-trial conference, and certain deadlines, consistent with this Memorandum Order, are CONTINUED. Trial is RE-SET to **June 21, 2027**.[2]

**2. Motion to Designate**

Finally, Ryan also moves for leave to designate a rebuttal expert and/or to clarify the scheduling order. Ryan specifically seeks for leave to designate one biomechanical rebuttal

[2] If the parties have conflicts with that trial date, the following dates are also available: July 12, July 26, August 2, August 16, and September 13. The party with the conflict should contact the opposing party, so that they may consult and then contact my Chambers with dates that they are both available. In order to allow time for them to do so, no scheduling order will issue until the end of this week.

expert and to address opinions he alleges were first disclosed in the report of David C. Paulus, Ph.d, P.E. He further seeks a limited amendment of the Scheduling Order to permit necessary discovery regarding the rebuttal expert. If the Court is disinclined to grant this relief, in the alternative, he requests leave for his previously disclosed expert to supplement his expert opinions and provide rebuttal testimony addressing the mechanisms of injury advanced by Dr. Paulus in his report.

Ryan notes that the Scheduling Order does not address rebuttal experts or provide a deadline for rebuttal expert disclosures, but Rule 26(a)(2)(D)(ii) ordinarily permits rebuttal experts within thirty (30) days of the opposing party's disclosure unless otherwise ordered by the Court. As the expert deposition of Dr. Paulus is currently set for November 2, 2026, he seeks a limited extension of the expert deposition deadline to allow Briggs & Stratton to examine his rebuttal expert, if allowed, or an additional deposition of his previously designated expert on any supplemental opinions.

Briggs & Stratton oppose this motion. As noted, the Scheduling Order does not provide a deadline for rebuttal experts. In fact, the Scheduling Order sets the deadline for filing dispositive motions and the deadline for holding expert depositions on the same day, thereby suggesting that rebuttal experts are not contemplated. This deadline is consistent with findings in this District that rebuttal reports are allowed only when there is a need and no actual prejudice. *See Ferguson v. Swift Transp. Co. of Az.,* , No. 17-CV-1570, 2021 WL 67212 at *1 (W.D. La. Jan. 7, 2021).

Further, Briggs & Stratton contends that Ryan now proposes a deadline well beyond the current deadline, and his counsel has indicated to Briggs & Stratton's counsel that Ryan intends to offer three rebuttal reports from Ryan's prosthetics expert, his vocational rehabilitation, and

his liability expert. According to Briggs & Stratton, Dr. Paulus's report does not raise any new issue that should not have already been addressed by Ryan's own expert. Instead, he is asking for an entirely new biomechanical expert or to allow his existing expert to opine on matters he is "likely" not qualified. Briggs & Stratton suggest that Ryan is unhappy with the opinion of his current expert and seeks this relief to obtain a better or more favorable one.

Having fully reviewed the arguments of counsel, both in writing and during argument to the Court, the undersigned finds no good cause to allow Ryan to obtain any new experts in this matter. If Ryan had wished to obtain a biomechanical expert, he could have done so from the beginning. The facts have not changed as to what happened in this case, and it is hardly unusual for experts to have different theories as to the mechanism of injury. Further, he will certainly have medical experts who testify as to the injuries themselves.[3]

On the other hand, if there is good cause and no actual prejudice, the Court has allowed rebuttal experts and/or supplementation. The Court finds that there will be no actual prejudice, given the determination that trial should be continued, and the current deadlines extended as indicated above. Moreover, Ryan has provided good cause in that his expert certainly could not have addressed tests performed on September 21, 2026, when his report was due September 1, 2026, and that he should have an opportunity to address Dr. Paulus's report after those tests.

For these reasons, the Motion to Designate is GRANTED IN PART and DENIED IN PART. To the extent that Ryan moves the Court for leave to designate additional rebuttal experts, his motion is DENIED. To the extent that he moves the Court for leave for his existing

---

[3] Before a motion for reconsideration is filed based on this statement alone, the Court understands that medical testimony is not in the nature of expert testimony regarding the mechanics of the generator and how an injury might occur. Rather, the Court notes that expert medical testimony is available in conjunction with the other experts offered by Ryan.

expert to supplement his report to address and rebut Dr. Paulson's opinions, his motion is GRANTED. Ryan shall have until **November 25, 2026**, to provide a supplemental report from his expert.

## Conclusion

For the above-assigned reasons,

**IT IS ORDERED** that the Motion to Quash [doc. #35], construed as a motion for protective order, is **DENIED.**

**IT IS FURTHER ORDERED** that the Motion to Amend Witness List [doc. #39] and oral Motion to Continue Trial [doc. #47] are **GRANTED.** Ryan is permitted to amend his previously provided witness list to include Tony Keomanivong as a potential witness. Additionally, fact discovery is reopened for the limited purpose of allowing the deposition of Keomanivong up to and including **January 25, 2027,** approximately (90) days from the date of this Order in light of the upcoming holiday. Fact discovery is otherwise closed. The deadline for expert depositions and the filing of dispositive motions is also extended up to and including **February 25, 2027.** The deadline for filing Daubert motions is extended up to and including **March 18, 2027.** Trial and the pre-trial conference are **CONTINUED.** Trial is **RE-SET** to **June 21, 2027.** A new Scheduling Order will issue at the end of this week.

**IT IS FURTHER ORDERED** that the Motion to Designate [doc. #40] is **GRANTED IN PART and DENIED IN PART.** To the extent that Ryan moves the Court for leave to designate additional rebuttal experts, his motion is **DENIED**. To the extent that he moves the Court for leave for his existing expert to supplement his report to address and rebut Dr. Paulson's opinions, his motion is **GRANTED.** Ryan shall have until **November 25, 2026,** to provide a supplemental report from his expert.

In Chambers, at Monroe, Louisiana, on this 26th day of October, 2026.

Kayla Dye McClusky

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE